**FT Global Capital, Inc. v Color Star Tech. Co., Ltd.**

2025 NY Slip Op 32488(U)

July 11, 2025

Supreme Court, New York County

Docket Number: Index No. 651370/2025

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 45

---------------------------------------------------------------X

FT GLOBAL CAPITAL, INC.

Plaintiff,

- v -

COLOR STAR TECHNOLOGY CO., LTD.,

Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651370/2025 |
| **MOTION DATE** | 05/06/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6–16 were read on this motion for JUDGMENT – DEFAULT.

Upon the foregoing documents, the motion by Plaintiff FT Global Capital, Inc. seeking default judgment on Count One of the Complaint for Breach of Contract pursuant to § 3215 against Defendant Color Star Technology Co., Ltd. is hereby GRANTED.

### Factual and Procedural History

This case arises from a contract (the "Exclusive Engagement Agreement" or the "Agreement") entered into by Plaintiff FT Global Capital, Inc. ("FT") and Defendant Color Star Technology Co., Ltd. ("Color Star") effective September 7, 2024. NYSCEF Doc. No. 1 at ¶ 1 ("Compl."); NYSCEF Doc. No. 2 ("Agreement"). FT is a registered broker-dealer incorporated in Florida with principal offices in Miami Beach. Compl. at ¶ 3. Color Star is an "entertainment technology company" registered in the Cayman Islands with principal offices in New York, New York. *Id.* at ¶ 4.

Color Star retained FT to raise working capital. *Id.* The Agreement contained an exclusivity provision appointing FT as "the Exclusive Placement Agent for Color Star" with respect to "any public or private offering or other financing or capital-raising transactions of any kind." *Id*. at ¶ 8; Agreement at 2. Pursuant to Section 1(c) of the Agreement, FT is entitled to fees consisting of cash and warrants if Color Star closes any capital raising transactions during the twelve-month exclusive term of the Agreement, which ran from September 7, 2024 to September 7, 2025. Compl. at ¶ 11, 12; Agreement at § 1(c). The Agreement provides that the cash component of FT's commission was seven percent of the total amount of capital raised, plus reimbursement of up to $90,0000 for legal and due diligence expenses. *Id.* at ¶ 11,12; Agreement at § 1(c). In September 2024, FT alleges that it commenced performance pursuant to the Agreement including performing due diligence, negotiating transaction documents, and preparing

**651370/2025  FT GLOBAL CAPITAL, INC. vs. COLOR STAR TECHNOLOGY CO., LTD.**
**Motion No.  001**

**Page 1 of 4**

[* 1]

legal opinions. Compl. at ¶ 13. FT alleges it also reached out to capital allocators and made multiple investor introductions to Color Star. *Id.*

During the twelve-month term of exclusivity, Color Star allegedly closed at least two capital raising transactions without the knowledge of FT, which triggered contractual commissions owed to FT by Color Star. *Id.* at ¶¶ 19, 22. The first transaction purportedly occurred on or about September 27, 2024. *Id.* Plaintiff alleges Color Star made disclosures to the U.S. Securities and Exchange Commission ("SEC") "by way of prospectus supplement announcing pricing of a securities offering utilizing the services of another placement agent." *Id.* at ¶¶ 17, 18. FT further alleges this transaction "generated gross proceeds of approximately US$7,000,000 [*sic*]." *Id.* at ¶ 20. On or about January 16, 2025, Plaintiff alleges Color Star filed another prospectus supplement with the SEC announcing pricing of a second securities offering again utilizing the services of another placement agent that "generated gross proceeds of approximately US$8,000,000 [*sic*]." *Id.* at ¶ 21; NYSCEF Doc. No. 9 ("Pl. Mem. of Law") at 7. FT claims that Color Star acknowledged their obligation to compensate FT under the provisions of the Agreement and have not disputed this liability.[1] Compl. at ¶ 28. FT additionally claims that "Color Star disclosed confidential information received from FT Global . . . in breach of the Exclusive Engagement Agreement" during these transactions. Compl. at ¶ 19; Pl. Mem of Law at 7.

FT alleges they are entitled to $580,000 for the September financing comprised of (i) 7% of $7,000,000 ($490,000) plus (ii) $90,000 as "the amount of allowable offering related expenses under Section 1(a) of the Exclusive Engagement Agreement." Pl. Mem. of Law at 8. FT further alleges they are entitled to $650,000 for the January financing comprised of (i) 7% of $8,000,000 ($560,000) plus (ii) $90,000 as "the amount of allowable offering related expenses under Section 1(a) of the Exclusive Engagement Agreement." *Id.* The total for both financings is $1,230,000; however, FT claims they received a partial payment[2] for the September financing from Color Star, which decreased the unpaid balance to $230,000 for the September financing. Compl. at ¶¶ 23, 25, 27; Pl. Mem. of Law at 8–9. Plaintiff thus claims the "outstanding fees" are a **minimum** of $880,000 (consisting of $230,000 owed from the September financing commission, and $650,000 owed from the January financing commission). Pl. Mem. of Law at 8 (emphasis added).

On March 11, 2025, Plaintiff filed the Summons and Complaint, and subsequently filed an affirmation of service on March 13, 2025. NYSCEF Doc. No. 1; NYSCEF Doc. No. 4. The Complaint alleges four claims against Color Star: (1) Breach of Contract; (2) Specific Performance; (3) Unjust Enrichment; and (4) Quantum Meruit. Compl. at ¶¶ 30–53. On May 6, 2025, Plaintiff filed this Motion for Default Judgment (Mot. Seq. 001) claiming Defendant neither responded to the Complaint, nor filed an appearance in this action, and therefore FT is entitled to the relief requested as to Count One. Pl. Mem. of Law at 6; NYSCEF Doc. No. 6 (Notice of Motion for Default Judgment). To date, Color Star has not appeared in this action or otherwise responded to the present motion.

---

[1] The Agreement and Complaint detail additional contractual compensation due to FT in the form of "Placement Agent's Warrants" pursuant to § 1(B) of the Agreement. Plaintiff's second cause of action in the Complaint requests specific performance from Color Star with respect to the warrants allegedly owed. This Decision and Order will not address this issue because it is outside the scope of the instant motion.

[2] Plaintiff does not provide the amount of the partial payment.

**651370/2025   FT GLOBAL CAPITAL, INC. vs. COLOR STAR TECHNOLOGY CO., LTD.**          **Page 2 of 4**
**Motion No.  001**

FT alleges Color Star breached the Agreement by "engaging a separate investment bank to provide placement agent services, in violation of the Exclusivity Provision" and "disclos[ed] information concerning FT Global's services to third parties, in violation of the Confidentiality Provision." *Id.* at ¶ 17.

## Legal Analysis

*Default Judgment*

Default judgment is appropriate where, as here, "a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him." CPLR § 3215(a). The plaintiff has the burden to provide to the Court (1) proof of service of the summons and complaint, (2) proof of the claim(s) along with any amount due, and (3) proof of the default. CPLR § 3215(f).

Plaintiff has satisfied the first prong by the filing of an Affidavit of Service in conjunction with supporting documents that establishes Defendant was properly served, pursuant to Section 9 of the Exclusive Engagement Agreement, which states each party "consents to service of process by federal express or other nationally recognized overnight courier at the address used in connection with this Agreement." Agreement at § 9; NYSCEF Doc. No. 4.

Plaintiff has satisfied the second prong by submitting the underlying Agreement between FT and Color Star (NYSCEF Doc. No. 2), as well as the Affirmation of Richard J.L. Lomuscio, *Esq.*, outside counsel for FT (NYSCEF Doc. No. 7) and the Affirmation of Alec Orudjev, *Esq.*, General Counsel for FT (NYSCEF Doc. No. 10). The Lomuscio Affirmation and supporting exhibits (NYSCEF Doc. No. 8) provide proof of appropriate service and confirms the existence of the Agreement. NYSCEF Doc Nos. 7–8. Additionally, the Lomuscio Affirmation and exhibits provide the Color Star SEC filings referencing the September and January financings in violation of the Agreement. *Id*. The Orudjev Affirmation details the facts alleged in the Complaint constituting the breach of contract claim and asserts $880,000 in monetary damages to FT caused by the breach as discussed *supra*. NYSCEF Doc. No. 10.

Finally, Plaintiff has satisfied the third prong because Defendant's deadline to answer the Complaint was April 14, 2025, but Defendant failed to submit an answer, or otherwise respond. NYSCEF Doc. No. 9 at 10; *see also* CPLR § 3012.

Accordingly, the Court determines that Plaintiff FT Global Capital, Inc. has established that it is entitled to default judgment against Defendant Color Star Technology Co., Ltd. on Count One of the Complaint for breach of contract.

**651370/2025   FT GLOBAL CAPITAL, INC. vs. COLOR STAR TECHNOLOGY CO., LTD.**                    **Page 3 of 4**
    **Motion No.  001**

3 of 4

[* 3]

*Attorney's Fees and Costs*

Plaintiff asserts that it incurred $23,940.00 in attorney's fees and expenses through May 4, 2025. NYSCEF Doc. No. 7. The Agreement states that in "the event any party [] files suit, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorney's fees and out of pocket expenses." Agreement at § 9. Given the unambiguous contractual language, the Court finds that Plaintiff is entitled to attorney's fees and expenses related to this action.

Accordingly, it is hereby

**ORDERED** that Plaintiff FT Global Capital, Inc. Motion for Default Judgment as to count one of the Complaint is GRANTED against Defendant Color Star Technology Co., Ltd.; and it is further

**ORDERED** that the parties shall appear for an inquest as to damages, including pre- and post-judgment interest and the reasonableness and amount of attorneys' fees on costs on August 26, 2025 at 10:00 a.m. in Courtroom 428; and it is further

**ORDERED** that Plaintiff shall file a letter with this Court on NYSCEF, on notice to Defendant, no later than July 25, 2025, stating how it intends to proceed as to the remaining counts in the Complaint; and it is further

**ORDERED** that within seven (7) days of entry of this Order, Plaintiff shall serve a copy of this Order with notice of entry on Defendant by overnight mail.

The foregoing constitutes the decision and order of this Court.

| | | |
|---|---|---|
| **July 11, 2025** | | _A.R.Patel_ |
| **DATE** | | **ANAR RATHOD PATEL, A.J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |